**WILLIAMS v. UNITED STATES**
(two cases).

Nos. 13910, 13916.

United States Court of Appeals
Eighth Circuit.

Oct. 20, 1949.

Jewell James Williams, pro se.

William G. Pettus, Jr., St. Louis, Mo. (appointed by the Court) filed a supplemental brief for appellant.

R. S. Wilson, United States Attorney, and David R. Boatright and Charles A. Beasley, Jr., Assistant United States Attorneys, Fort Smith, Ark., filed brief for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

These appeals are from orders denying motions made by the defendant (appellant) to vacate the sentences of imprisonment imposed upon him under counts 1 and 2 of an indictment containing five counts. Each count charged a separate violation of the National Motor Vehicle Theft Act, 18 U. S.C.A. § 408, now 18 U.S.C.A. § 2312. The indictment was returned on August 26,

1946. The defendant was arrested in Arizona, and on January 17, 1947, was removed to the Western District of Arkansas. On January 23, 1947, he was brought before the District Court. Among other things, he said to the Court: "Your Honor, there are various charges in different districts all over the United States, well, towns here, there and yonder. I know these counts are all that are pending against me in this district, but I would like to request that eight or ten be transferred here." The court explained to the defendant that the only charges pending against him in the Western District of Arkansas covered the bringing into that District of five stolen automobiles, and that the court was under no obligation to "reach out all over the United States and get all the other charges in." The United States Attorney expressed a willingness to contact government counsel in other districts to ascertain whether they were willing to transfer to the Western District of Arkansas cases pending against the defendant in their districts. The court thereupon postponed the arraignment of the defendant, after appointing counsel to represent him.

The final arraignment took place on February 3, 1947. The defendant was represented by counsel. The court stated that a further postponement would not be justified. It read and explained the first count of the indictment to the defendant, and said: "Do you plead guilty or not guilty on this charge, * * *." The defendant made no immediate response, and the court directed the Clerk to enter a plea of not guilty. The defendant then said, "Your Honor, I haven't had a chance to answer that." After a colloquy between the court and the defendant, he said: "Your Honor, I haven't got any reason to enter a not guilty plea. I'll say guilty to the charge and let the court do as it wishes." The response of the court was: "If you are not guilty I want you to say so. If you are guilty I want you to say so. You thoroughly understand the charge against you. Are you guilty or not guilty?" The defendant replied, "I'm guilty." The court then read and explained to the defendant each of the other four counts, and the defendant

entered a plea of guilty to each. The court imposed a sentence of five years imprisonment on each count of the indictment, the sentences on the first three counts to run consecutively and the sentences on the fourth and fifth counts to run concurrently with the sentence on count 3. This made a total sentence of fifteen years imprisonment.

The defendant, who, by his own admissions, had been a persistent law violator and had a record of several escapes, became an inmate of the Federal Penitentiary at Alcatraz, California. On January 8, 1949, he filed a motion to vacate the sentence on count 1 of the indictment. The court on January 11, 1949, after making detailed findings of fact, concluded that the sentence on count 1 was a valid sentence, and entered an order denying the defendant's motion. On January 29, 1949, the defendant filed a motion to vacate the sentence upon count 2. That motion was denied by the court by an order filed February 1, 1949. The court granted the defendant leave to appeal in forma pauperis.

This Court appointed counsel to represent the defendant on appeal. His counsel has filed a brief urging everything which could possibly be of any benefit to the defendant. Apparently what the defendant would have us believe is that he did not know the significance of his pleas of guilty; that his counsel did not adequately represent him at the time of arraignment; and that in some way the court coerced him into entering pleas of guilty. These contentions are all in the teeth of the record, which clearly indicates that the defendant knew exactly what he was doing, and that he was shown every consideration by the trial judge, who was meticulously careful to see that the defendant's rights were fully protected and that he was advised with respect to each count of the indictment. There is nothing in the record to justify the assertion that counsel appointed by the District Court did not competently represent the defendant. There is no basis for invalidating the sentence imposed under any count of the indictment. The appeals are frivolous.

The orders appealed from are affirmed.